all right um we'll begin argument this morning with Lancaster versus Secretary of the Navy mr. Schultz here your honor good morning your honors may it please the court my name is Arthur Schultz I represent Darlene Lancaster and we ask the court to issue to address the issue of whether a district court can issue a legal binding order on a person it knows to be dead because that is the issue in this case what happens when the plaintiff dies in this case say also can I ask a preliminary matter um it appears the the operative complaint seeks only declarative relief is that correct your honor we seek an order that declares that certain procedures that there was retaliation right so you seek a declaration injunctive declaratory relief yes sir to order the essentially the Navy to do its job yeah I understand um is there an issue when you're seeking injunctive relief as to whether the death of a party moots your case I do not think so your honor because the question becomes is is pardon me was he denied a promotion there there is real substance to that I'm not suggesting there's not substance to it but but if you're seeking a declaration for events as opposed to money damages and I don't think you can be seeking money damages because there'd be immunity do you have a mootness problem your honor if the court finds that his he was retaliated against which is the Asian the basic issue and then that is a puts the case in a whole different light because then his the process he was denied a a right which he has to have a fair consideration of his record the issue but as a state gets nothing I mean the idea is an injunction is personal it's to create a change of the relationship between him and the Navy and the question I think is a it's a pretty profound one is to what does the estate get they state doesn't have an standing to have injunctions your honor if the if he is right that he was retaliated against then the Navy must have a new board and and if he is promoted which I think is a he is a he gets promoted and then he is entitled to all the back pay that he would should have had had he been promoted on the original date but I see how that flows but you're suing officials in their you're suing Navy officials in their official capacity so I don't think you're entitled to get money damages from them under the law and it sounds like what you're seeking to do is in responding to judge Niemeyer's question you're seeking an injunction in order to get money damages and I'm not sure maybe maybe that's okay but I'm not sure that's proper your honor we're seeking an order that says that he was retaliated against and therefore the process that was used and that retaliation denied him a fair record the Navy is required to present a full and complete record of the client before the board and what Lancaster has seven times he took him seven attempts to get you're coming at this through rule 60 B motion and it's a rule 60 beef 60 before and the you know the point that we've made so many times is that rule 60 B is no substitute for an appeal and I thought the time when you when you filed your rule 60 B motion the time for the appeal had expired that is correct your honor but there was no proper party before the court when the judge issued his order dismissing the case and under rule 17 you have to have a party of interest to be able to proceed and and what we're asking this court is to link there's no proper party but rule 25 has a sets up a succession process where the substitute party inherits all of the rights and obligations of the prior party and so I don't think that the that the lawsuit that this kind of thing causes the lawsuit to lapse you get the rights of the prior party of your husband but you're also subject to the obligations and one of those obligations is to take an appeal in a timely in a court on a on a 60 B motion because the problem we face is that 60 B is trying to undermine the finality of judgments at every turn you know the we face on the criminal side threats to finality from 2254 and 2255 motions and then on the civil side that shows chisel away at finality through rule 60 B and of all the six grounds in rule 60 B before is supposed to be narrow and I I thought that the basis for your B4 motion was that there was some absence of personal jurisdiction but how can that be the basis for a 60 B4 motion when the plaintiff brought the case in the particular forum because the personal jurisdiction is a doctrine that is meant to protect defendants from being hauled into court in a forum with which they have no connection but I have not seen personal jurisdiction applied to a plaintiff who has the choice of forum in and so that would be a very unusual basis of allowing a 60 B4 motion to unwind all the previous proceeding your honor that the president of this court in a case called went says an order is void for purposes of rule 60 B4 only if the court renders the decision lacking personal may emphasize personal or subject matter jurisdiction and that's in the case called went which is actually cited by the opponent and and and so I don't think I think judge Wilkinson's question to you is whether there is an issue of personal jurisdiction at all in other words of the jurisdiction the subject matter jurisdiction in the personal jurisdiction were lodged in the case the plaintiff brought the suit and can hardly claim a lack of jurisdiction personal jurisdiction so that we don't have that issue in this case I don't think yes your honor you're right the plaintiff brought it while he was alive but once he dies then you have a jurisdictional question it's a question of what happens to the suit it in that regard let me ask you this the Navy filed a suggestion of death on August 24 right your honor that was not a complete suggestion of death you have to have and I ask you yes file a suggestion of death on August 24 in the papers in the in the court no your honor it was a file on August 24 they notified to the court that the plaintiff had died and that there was no representative okay that's fair enough that's all I'm asking they filed a suggestion of death on August 24 your honor a suggestion the whole process requires that there be to start the 90-day rule for rule 25 just a minute stay with my question you're anticipating you're getting to what I'm getting to but the suggestion of death does not require the substitute of somebody else the suggestion of death advises the court and all the parties that somebody is the party has died and that was filed on August 24 your honor and the rule says from the date of a suggestion of death you have to file a substitute party within 90 days or the case must be dismissed we did not have the filing of a substitute party within 90 days and no extension was sought she came in in December 14 which is near a month late so my question is why wasn't there either a request for postponement or the substitution of party within 90 days of August 24 your honor under the of this court when a plaintiff dies the attorney-client relationship is ended I was not allowed to do anything even notify the court this court was notified of the court was notified of that because I called opposing counsel to say that it happened now the party I mean the personal relationship you have with Darlene pretty shortly actually thereafter I don't know when you were hired but if you thought you were out of the case you should have entered your appearance back in the case representing Darlene but that is between you and her as to the case when there's a suggestion of death the rule is clear when there's a suggestion of death notification that party has died then there's a 90-day period during which a substitute party has to be entered and it you don't have to wait for an estate there a spouse can then her appearance representing a husband or a child or incapacitated person without an estate but regardless you have 90 days and if you can't make the 90 days maybe you could get an extension but none of that was done in this case your honor that as I you are able to serve the party of interest which is the is the successor you can't do anything that makes the this notice of death invalid it's required to have service on the appropriate person and that what did not happen until December when she was granted a ticket. To follow up on Judge Niemeyer's point which the death of a party does not render a judgment void what it does is Judge Niemeyer's question underlies is it death provides a mechanism for the continuation of the case rather than voiding the case it provides a channel for continuation and if you don't take advantage of that you within the prescribed time limits you're going to be facing a final judgment but it doesn't the what I see you trying to contend is the death on its own when you clear away some of the brush at bottom what you're contending is that the death by definition and almost in a per se sense voids the judgment and that's not the way that I read the federal rules quite the contrary from voiding the judgment the federal rules provide for continuation of proceedings if the proper suggestion of death is filed within the proper time that Judge you have to contend with that language in 64 that somehow the judgment is void and death does not void a judgment it provides the rules provide quite the contrary for proceedings and which the judgment may move on your honor we don't deny that that the rules provide for the continuation but in a case called United States versus Wu Tai-Chen and it's cited in our opening brief I think it's on page 24 involved this same issue that the the plaintiff actually was defended was convicted but not sentenced in between the conviction and sentencing he died his attorney filed a petition to void the judgment is a legal term I'm not familiar with that and and the judge denied it so his widow went after months later months later when she was appointed she appealed that and it was rejected I mean yeah as I understand it what was filed had something to do with jurisdiction means that you have are able to exercise something over the person who has is subject to the rule of the court when a person dies okay I'm not a proper person what I'm 20 excuse me counsel what I've been what I've indicated is that you've maybe you follow petition saying the judgments void because of an absence of personal jurisdiction and that was rejected as it should have been by the trial court on the merits but that rejection is just part of the continuation of the proceedings and if you don't like it and you think there's a personal jurisdiction issue go ahead and appeal it but it wasn't appealed within the time everything that was done here was done in an untimely fashion and it was done it was done late the suggestion of death and and the 60 before motion that was untimely because it was filed after final judgment has been rendered and after the time of an appeal had expired and I just think we'd be if we took a purely equitable approach to the case we'd be fouling up the federal rules and the procession of litigation in a in a basic way because the rules are not unfair to a deceased party in fact it recognizes the the fact that death is a major event and it doesn't want to cut off a meritorious claim simply because of the death of the party bringing it that there's a successor in interest here that should take hold but to to go and to provide some equitable Avenue to to reopening the whole case under 60 before is is really going to unwind a lot of federal procedure your honor may I answer the question because I'm sure absolutely the under the issue is the you talked about the time minutes the district court found her application was timely this was during the period of COVID and Darlene issued a declaration describing the process the problem she had she couldn't get to the court the well aware of it knocked everything in so the ruling is her her efforts were timely given the circumstances so in terms of being able to do that well if you can't get somebody that says yes I'm giving you the right to pursue you have to have a proper party to I understand but the rules have deadlines and dates for filing appeals and filing motions and filing responses and it seems to me the COVID period was very difficult time but there's no reason why when when did you represent Darlene went what date did you begin representing her yes well we you know I don't I can't quite answer that question because it almost seems like genuine I knew her before and I we discussed the case so I guess I was representing her I don't I was representing her from the day he died or at least giving her advice that's what I thought and so you told the government he died on the 23rd you told the government on the 23rd that he died and the government said you told him that and on the 24th the government filed a suggestion of death and now you are served a copy of that and the question now is what were you doing all that period until December and you're saying what you did is trying to get her appointed and there were problems in getting her appointed and that type of thing but the court never heard further your honor I'm not I can't she was not a proper person as defined by this court and I would she's a person she does not have to be appointed by a state to head the estate to represent somebody if there is no estate the spouse can still assert representation there it isn't always an estate in a case maybe the only asset that the decedent had is a lawsuit and no other assets and he doesn't open an estate and a representative can step forward a spouse or child and can ask the court to be appointed to represent take over the case but my whole point is it seems to me there was no notice of appeal there was no motion you never filed a motion to amend the complaint you never filed a substitute counsel within the 90 days and or extend the time I I'm just wondering what's going on I can't quite figure it out except that there was probably some difficulty in her getting appointed why don't you answer that on rebuttal because you've got some you've got some time on on rebuttal and you can think about judge Nehmeyer's question at that point thank you your honor okay mr. Hartley whenever you're ready good morning your honors Gary Hartley bum behalf of the Navy defendants appellees may it please the court this case has a long and unusual procedural history but this appeal concerns a simple construct on the original plaintiff in this case died 17 days later on August 30th 2021 the district court granted the Navy's motion to dismiss that was fully briefed and pending for nine months before mr. Lancaster's death and dismissed the lawsuit at that point there were several proper options that could have been taken to protect mr. Lancaster's estate but none of them were taken instead six months later mrs. Lancaster now the qualified representative for mr. Lancaster's estate filed a motion seeking to set aside the August 30th decision pursuant to rule 60 B to allow her to move to amend the complaint a second time pursuant to rule 15 and last to substitute as the plaintiff under rule 25 the district court denied that motion and it is that combined motion and only that motion that is before the court today this court should affirm because the district court correctly decided all aspects of the combined motion as it was presented first with respect to rule 60 B yes well could you um I know it what the parties didn't brief this but the question I asked at the outset of whether mootness is an issue here if the relief salt is declaratory in nature only and not for money damages which of course money damages I don't think could be asserted I mean what why is this case not moot given the nature of the relief salt thank you judge quad about it may well be moot we did not brief that issue and in looking at it ultimately determined that there's a distinction with how courts have treated remedial versus punitive claims punitive claims typically cease with death remedial claims can survive and although part of the relief is injunctive the complaint ultimately was requesting retroactive promotion which comes with back pay and monetary award and so ultimately we chose focusing on what this court has addressed to focus on the merits decide the case on the substance rather than the procedural issue I appreciate that but if they were seeking directly money damages would that be proper given the parties here say there was no declaratory relief you're seeking damages for individuals in their official capacity would that be wouldn't that there be immunity for that we have assumed for purposes of briefing the rule of 60 B motion that the claim would survive death and that there was some ability potentially for for the claim to be brought by mrs. Lancaster all right with respect to rule 60 B there's two forms of relief that the district court correctly evaluated the first or threshold matters in the second are enumerated defenses with respect to the threshold matters the district court correctly determined that mrs. Lancaster had not established that she had a meritorious claim presenting a meritorious claim requires a proffer of evidence that would permit a finding in favor of the movement and it should not be granted if the proffer would be a futile gesture in the district court mrs. Lancaster failed to demonstrate a meritorious claim where her proffer was little more than an effort to relitigate the dismissal council I'm maybe being unfair on another reason here but yeah there's a treatise on civil procedure that suggests the meritorious threshold issue is inappropriate or a voidness rule 60 motion that if you're seeking rule 60 B relief under subsection 4 for voidness that you know the meritorious threshold element is not applicable now to be fair our court hasn't said that and and and in fact it's based on the Supreme Court case and since that case we continue to apply the threshold element but I may be that may be something you I'm catching off guard with and I'm not if so that's completely fine but have you looked at that and do you have a is that the threshold elements apply to all 60 be all 60 be claims that it would continue to apply with 60 before but fundamentally even if it was correct that the meritorious claim is not required and of course the district court found that there was not a meritorious claim and mrs. Lancaster has not briefed that in either of the two briefs before this court to demonstrate evidence showing a meritorious claim but even if that's not there fundamentally there is not a void judgment the argument for voidness here under before is that the district court lacks personal jurisdiction upon the death of a party plaintiff cites no cases where any court has determined that a court that had personal jurisdiction lost it the whole point is you need we need to get inside this word void and death by itself does not render a judgment void and disagreement with the judgment does not render the judgment void the only thing that renders the judgment void and this may be related to what Judge Carl Obama said but the only thing that renders the value a judgment void is that the court lacked any power to act and then you get into a different but the things that do not render a judgment void are disagreement with the judgment and death of a party we'd be just flinging open the doors to re-litigating everything if we indicated that death or disagreement voided a judicial judgment you see what I'm saying yes your honor and I think that when it explains that point closely that courts in this court has said that it should narrowly construe the concept of a void order precisely because of the threat to finality of judgments and the risk that 60b is supposed to be narrow all six of it and not to substitute for an appeal and of those six grounds under 60b 60b4 is even narrower it is the narrowest of the narrow correct your honor and as we've noted and you have noted it is not a substitute for appeal what's important though that's already been discussed is that every single argument for why the judgment was void in this case could have been appealed the personal jurisdiction argument could have been appealed all of the affirmatives were present at the time the district court entered its dismissal order and no appeal was taken there were multiple opportunities plaintiff could have sought a to quickly qualify and substitute in the district court upon death before the district court entered its dismissal order as we've explained in incited the Lazaro case counsel could have promptly filed a motion for an extension of time to pursue substitution counsel could have sought an extension in the district court under federal rule of appellate procedure 485 for an extension of time to note the appeal and this court under appellate rule 43 a2 has specifically authorized counsel for the decedent to act on behalf of the deceased plaintiff if an estate representative is not then known in order to protect the appeal but fundamentally this case is about a situation in which all of that available action all of those proper options were not taken and mrs. Lancaster elected to use the one option that this court's case law very clearly forecloses which is the file a 60 being motion and circumvent the appeal process I don't want either of the parties to think that we are insensitive to what is before us or insensitive to the desire of a widow to have her husband's rights within the services vindicated and so it's not that the court is insensitive to that it's just as a matter of law there is so much wrong here both in the grounds that are asserted to avoid the judgment and also that the timeliness with which the grounds were asserted well after the period to appeal had expired and so is yes I'm personally sorry that the plaintiff here can understand in human terms that any spouse would want their deceased spouse make sure their rights were vindicated but to to pursue that road here would simply lead to too many lawsuits that had no termination point and the public over time begins to lose respect for a system that finds itself incapable of that's sort of what we need to say this is it's not a hard hearted judgment correct your honor judge Wilkinson I agree the Navy fundamentally is arguing that there were available processes those processes were not followed but the underlying fact remains that what the district court did that judge dismissal order is not void merely by the fact that it was rendered after death and I in terms of fairness and due process I want to make clear that mr. Lancaster was fully alive during the time that the motion to dismiss was brief and pending and he was also alive at the July status conference two months before the motion to dismiss was granted at which point judge young stated he was going to rule on the pending motion to dismiss and likewise mrs. Lancaster was heard in the district court on the 60 B motion well we don't well the Navy doesn't I think we've been over a lot of these and what are these grounds and we appreciated both parties briefs and I'm at this point going to ask my good colleagues if they have further questions of you judge Neimeyer do you have any further questions we have no further questions of you sir sir thank you thank you counsel you have some time for a rebuttal your honor first off I'd like to address the question of why was motion for amendment wasn't submitted first off the court was very just clear that I was not to submit a committed a complaint but a motion for an amended complaint and under the rules that requires coordination or an order okay and so the record shows that we had started that process and were I last notice from the court prior to the death or to the court was that we the defendant said no they didn't agree with the amendment and I would submit the motion within a now under this court's rules I'm stuck because it says the power and yeah Ferris talks about that the power can't I cannot exercise any power until I am until there is a proper representative appointed now that I mentioned the the chin case just the authority authorities who represented Larry is according for authorities who represent Larry chin in a criminal action had no authority to act after his death as we stated in Ferris virtues Lynchburg found a the attorney's agency to act ceases with a death of his client now it then took some time for mrs. chin to get appointed she didn't need to get appointed she could have advanced and said I'm asserting myself as representative of my and I'm have an application or I'm in the process of having an application to get appointed by a court but there are numerous circumstances under which representatives just appear because they have the necessary interest and if somebody wanted to challenge that that's something else but the only reason you'd get appointed Bob if there is if there is an estate but the rule doesn't talk anything about having a court appoint a representative your honor let me quote from a case called Krebs versus Hill it's an 8th Circuit decision aren't you just tell me about it that when reading rule this is one case it coordinated rule 25 in this case it was 25 B which is incompetency but it follows the same with the federal rules of conjunction with federal rule 17 a requirement that an action must be prepared presented by the real party and interest the court has no power to permit such an action to continue without the real party and interest unless a motion for substitution is brought under rule 25 B there's nothing about having anything appointed you never filed that motion even to this day I mean the fact is that your honor a timely motion it has to be filed 90 days after the suggestion of death and you didn't file that motion or didn't alert the court that you were delayed in the process of getting a state appointment I mean it seems to me I don't know what went on during this the rule is pretty clear it says the court must dismiss the case if you didn't file that motion within 90 days your honor I would submit to you that in Ferris versus Lynchburg and all the other cases that deal with this issue say that there that a notice of death specifically as it kicks into the 90-day rule must be served on the legal representative the person who is a real party and interest that hasn't been done and and as soon as that happened the district court found in accordance with that that her motion for rule 60 B was timely you have to open reach 60 to get your motion to substitution we we've given you some extra time and we appreciate very much your argument all right we would like to come down and greet the two of you we thank you both and we will proceed into our next case
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, A. Marvin Quattlebaum Jr.